EXHIBIT "A"

STATE OF LOUISIANA * PARISH OF UNION * THIRD JUDICIAL DISTRICT

LORETTA M. SMITH, INDIVIDUALLY                FILED: _Feb. 6, 2008_
AND ON BEHALF OF HER MINOR CHILD,
CANDICE MOLLY ROSE SMITH

VERSUS NO. _42,170_

                                                                                    _____

CITY OF FARMERVILLE                                DEPUTY CLERK OF COURT
AND DEWAYNE JACKSON

PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes LORETTA M. SMITH, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, CANDICE MOLLEY ROSE SMITH, a major resident of Union Parish, Louisiana, who respectfully represents:

1.

Made Defendants herein are:

(a) CITY OF FARMERVILLE, a body politic of the Parish of Union, State of Louisiana; and

(b) DEWAYNE JACKSON, a major resident of Union Parish, Louisiana.

2.

Defendants are liable unto Petitioner, individually and on behalf of her minor child, in solido, for the following reasons, to-wit:

3.

The City of Farmerville was the employer of the named defendant, Dewayne Jackson, on all dates pertinent.

A TRUE COPY

Dy. Clerk of Court, Union Parish, La.

4.

At all times relevant hereto, Defendant, DEWAYNE JACKSON, was a police officer employed by the CITY OF FARMERVILLE, and at all times acting in such capacity as the agent, servant and employee of defendant, CITY OF FARMERVILLE.

5.

On or about February 7, 2007, at approximately 10:10 p.m., Petitioner's minor daughter, Candice, was arrested by Farmerville Police Officers at the Davis Trailer Park in Farmerville, Louisiana, and taken to the Union Parish Detention Center.

6.

Petitioner, Loretta M. Smith, on behalf of her minor child, Candice Molly Rose Smith, avers that Dewayne Jackson, an employee of the City of Farmerville, handcuffed the minor and tasered the minor repeatedly.

7.

Such force, as to Petitioner's minor child, was in excess of any force required under the circumstances, grossly out of proportion to any need for the use of force by the police officer of defendant, City of Farmerville, and not employed in good faith and caused severe injuries to the Petitioner.

8.

The actions of the defendant' employee violated the following clearly established rights of the plaintiff:

(a)   freedom from the unreasonable seizure of her person;

(b)   freedom from the use of excessive and unreasonable force;

(c)   freedom from summary punishment;

 (d)  by committing a battery upon Petitioner's minor child;

 (e)  by committing the offense of assault upon Petitioner's minor child; and

 (f)  such other acts to be shown at the trial on the merits.

9.

The defendant police officer acted with malice and/or with reckless disregard for whether the Petitioner's rights would be violated by their actions.

10.

The actions of defendants violated plaintiff's rights under the 14th Amendment of the United States Constitution and Articles of the Louisiana State Commission of 1974, as amended, and 42 U.S.C. § 1983.

11.

At all times mentioned herein, the said defendants were acting under color of law, under color of statutes, ordinances, regulations, policy and usages of the City of Farmerville.

12.

It is further shown that the City of Farmerville, through its policymaking officials, was so grossly negligent in its training, supervision and discipline of its officers that it was deliberately indifferent to and demonstrated reckless disregard toward the potential violation of Constitutional rights which were likely to occur because of their policies and/or customs and/or their training deficiencies.

13.

As a result of this incident, Petitioner's minor child received personal injuries to various parts of her body. Petitioner's minor child has suffered pain, suffering and mental anguish and discomfort from said injuries.

13.

As a direct result of the above-described incident and injuries, Petitioner, individually and on behalf of her minor child, has sustained numerous damages, including, but not limited to, pain, suffering and mental anguish, past, present and future; and other damages to be shown at the trial of this matter. Petitioner, Loretta M. Smith, individually and on behalf of her minor child, Candice Molly Rose Smith, therefore asserts that as a result of the damages she has sustained that she is entitled to an award in an amount to be determined by this Honorable Court at the time of trial to be reasonable in the premises, plus punitive damages and attorney's fees under 42 U.S.C. § 1983, plus legal interest and all costs of these proceedings.

WHEREFORE, PETITIONER PRAYS that the Defendants each be served with a certified copy of this Petition and cited to appear and file answer hereto in the manner and form provided for by law, and that after the lapse of all legal delays and due proceedings are had, there be judgment herein in favor of Petitioner, Loretta M. Smith, Individually and on behalf of her minor child, Candice Molly Rose Smith, and against Defendants, City of Farmerville and Dewayne Jackson, jointly, severally and in solido, for all general, compensatory and punitive damages that are found to be reasonable in the premises, plus attorney's fees, plus legal interest from date of judicial demand and all costs of these proceedings.

PETITIONER FURTHER PRAYS for all orders and decrees necessary and proper herein and for full, general and equitable relief.

        LAVALLE B. SALOMON, APLC
        700 North 2nd Street
        P. O. Box 14596
        Monroe, Louisiana 71207
        Telephone: (318) 387-1222
        Facsimile: (318) 387-1273
        ATTORNEY FOR PLAINTIFF

        BY _____
            Lavalle B. Salomon - #8599

PLEASE SERVE:

1)    CITY OF FARMERVILLE, 407 S. Main St., Farmerville, LA 71241;

2)    DEWAYNE JACKSON, % Farmerville Police Department, 301 East St., Farmerville, LA 71241