**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**LORETTA M. SMITH, INDIVIDUALLY**          **3:08-CV-0285**
**AND ON BEHALF OF HER MINOR**
**CHILD, CANDICE MOLLY ROSE**               **JUDGE JAMES**
**SMITH**
                                            **MAGISTRATE JUDGE HAYES**
**VERSUS**

**TOWN OF FARMERVILLE**
**AND DEWAYNE JACKSON**

---

## ANSWER AND SPECIAL DEFENSES

NOW INTO COURT, through their undersigned counsel, come The Town of Famerville and Dewayne Jackson, who, for answer to plaintiffs' petition, deny each and every allegation therein, except as specifically admitted herein, and for further answer respectfully show:

1.

Defendants admit generally the allegations of Article 1 of plaintiffs' petition while specifically denying any liability herein.

2.

Defendants deny the allegations of Article 2 of plaintiffs' petition.

3.

Defendant admits generally that Dewayne Jackson was employed as a police by the Town of Farmerville on February 7, 2007.  Except as thus admitted, the allegation of Article 3 of plaintiffs' petition are denied.

4.

Defendants admit generally that on February 7, 2007, Dewayne Jackson was a

police officer employed by the Town of Farmerville.   Except as thus admitted, the allegations of Article 4 of plaintiffs' petition are denied.

5.

Defendants admit generally that on February 7, 2007, after 10 p.m., Candice Smith was taken into custody by Officer Dewayne Jackson at the Davis Trailer Park where an ambulance was summoned and she was placed on a stretcher due to her combative behavior and transported to Union General Hospital.  She was thereafter released to the custody of her mother, Loretta Smith.  Except as thus admitted, the allegations of Article 5 of plaintiffs' petition are denied.

6.

Defendant denies the allegations of Article 6 of plaintiffs' petition as stated while admitting that Candice Smith was placed in handcuffs and tasered due to her combative and resistant behavior.  Except as thus admitted, the allegations of Article 6 of plaintiffs' petition are denied.

7.

Defendants deny the allegation of Article 7 of plaintiffs' petition.

8.

Defendants deny the allegations of Article 8 of plaintiffs' petition.

9.

Defendants deny the allegation of Article 9 of plaintiffs' petition.

10.

Defendants deny the allegation of Article 10 of plaintiffs' petition.

11.

Defendants show that the allegation of Article 11 of plaintiffs' petition are conclusions of fact and law requiring no answer on their part, but same are denied as stated and out of an abundance of caution.

12.

Defendants show that the allegations of Article 12 of plaintiffs' petition are conclusions of fact and law requiring no answer on their part, but same are denied out of an abundance of caution.

13.

Defendants deny the allegations of Article 13 of plaintiffs' petition.

14.

Defendant denies the allegations of the 2nd Article 13 of plaintiffs' petition.

AND NOW, further answering plaintiffs' petition, defendants respectfully show:

**SPECIAL DEFENSES:**

### FIRST DEFENSE

Candice Smith was an agressor.

### SECOND DEFENSE

Candice Smith was combative and resisted arrest.

### THIRD DEFENSE

Defendants had probable cause to arrest Candice Smith.

### FOURTH DEFENSE

Candice Smith failed to mitigate any alleged damage.

**FIFTH DEFENSE**

Defendants plead default of common negligence and/or intentional conduct of plaintiff Candice Smith and Loretta Smith in causing the incident, including the combative and resistant nature of Candice Smith and her violations of the law as well as failure to supervise, direct, instruct and control the actions of the minor child by her mother, Loretta Smith.

**SIXTH DEFENSE**

Defendants plead default of Roger Wayne Wilson, Jr. for contributing to the delinquency of the minor Candice Smith including, but not limited to, allowing her to possess and consume alcohol leading to her combative and resistant behavior.

**SEVENTH DEFENSE**

Defendants plead all privileges and immunities allowed to them by law in defense of plaintiff's claims.

**EIGHTH DEFENSE**

Defendant Dewayne Jackson acted at all times reasonably, had probable cause to arrest, and use only such force as necessary and reasonable under the circumstances.


WHEREFORE, defendants Town of Farmerville and Officer Dewayne Jackson pray that this, their Answer to plaintiff's petition, be deemed good and sufficient, and that after due proceedings are had, there be judgment herein in their favor rejecting plaintiffs' demands with full prejudice and at plaintiff's cost and awarding attorney's fees against the plaintiffs and in favor of defendants.

Respectfully submitted,

**HUDSON, POTTS & BERNSTEIN, L.L.P.**
**ATTORNEYS AT LAW**
1800 Hudson Lane, Suite 300 ( 71201 )
Post Office Box 3008
Monroe, Louisiana 71210-3008
Telephone: (318) 388-4400

**BY:** s/Robert M. Baldwin
ROBERT M. BALDWIN **(# 01224)**
**ATTORNEY FOR DEFENDANTS, TOWN OF FARMERVILLE AND OFFICER DEWAYNE JACKSON**

## CERTIFICATE

_____I, ROBERT M. BALDWIN, do hereby certify that an exact copy of the above and foregoing Answer and Special Defenses was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to the following counsel of record:

Lavalle B. Salomon
700 North 2nd Street
Monroe, Louisiana 71207
**Attorney for Plaintiff**

by operation of the court's electronic filing system.

Monroe, Louisiana, this _____ day of February, 2008.

s/Robert M. Baldwin
ROBERT M. BALDWIN